IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANKLIN M. GOLDMAN, | § |
| Petitioner, | § Civil Action No.:_____ |
| vs. | § Criminal Case No.: 92-10229 |
| UNITED STATES OF AMERICA, | § Hon. A. David Mazzone, USDJ |
| Respondent. | § |

04 10998 ADM

### PETITION FOR WRIT OF CORAM NOBIS, AUDITA QUERELA, AND/OR HABEAS CORPUS, PURSUANT TO 28 U.S.C. §1651 ("THE ALL WRITS ACT") AND/OR 28 U.S.C. §2241 ("HABEAS CORPUS")

MAGISTRATE JUDGE Cohen

NOW COMES petitioner, Franklin M. Goldman, appearing pro se, and files this petition for a writ of error coram nobis, audita querela, or in the alternative habeas corpus, pursuant to 28 U.S.C.§1651(a) and 28 U.S.C.§2241(c)(3), respectively, and would show the Court as follows:

### I. BACKGROUND

On August 12, 1992, a grand jury returned a five count indictment charging petitioner in two of those counts with conspiracy to possess cocaine with the intent to distribute same, and possessing cocaine with the intent to distribute same, in violation of 21 U.S.C.§§846 and 841(a)(1), respectively. The case proceeded to trial, and on December 22, 1992, a jury returned general verdicts of guilty on both counts.

On April 27, 1993, the case proceeded to sentencing with the court finding that petitioner was a "Career Offender", within the meaning of 28 U.S.C.§994 and U.S.S.G.§§4B1.1 and 2. Accordingly, the court sentenced petitioner to an enhanced sentence of 360 months imprisonment.

Hon. A. David Mazzone, U.S.D.J.
May 14, 2004, Page Two.

Petitioner, with the assistance of counsel, filed a timely notice of appeal. However, a panel of the First Circuit subsequently affirmed the judgment in this case.

Petitioner previously moved this Court to vacate, set aside, and/or correct the judgment of conviction and sentence, pursuant to 28 U.S.C.§2255. However, in an order dated September 3, 1996, that motion was denied by the district court. Thereafter, on March 9, 1997, a certificate of appealability was denied by the First Circuit. On July 9, 1997, petitioner filed a "Motion to Reinstate Appeal" with the First Circuit. On August 12, 1997, the First Circuit denied that motion.

Petitioner subsequently moved in the district court, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for relief from the judgment. However, in an order dated September 28, 1999, that motion was also denied.

Notwithstanding the use of petitioner's prior state convictions to enhance his current federal sentence, on October 12, 2001 one of the two prior convictions were vacated. See, Exhibit "A". An appeal from that prior conviction had been pending at the time of the sentencing in the present federal matter. Thereafter, the state declared that there was insufficient evidence upon which to prosecute petitioner for the state offenses. See, Exhibit "B".

On February 12, 2002, with the assistance of counsel, petitioner moved to vacate his current sentence arguing that he was entitled to sentencing anew in light of the order vacating his prior state conviction.

Hon. A. David Mazzone, U.S.D.J.
May 14, 2004, Page Three.

    The Court construed petitioner's motion as one pursuant to 28 U.S.C.§2255, and denied same inasmuch as petitioner had not sought leave from the First Circuit to file a second or successive motion. Notably, petitioner's motion had not been labeled as one pursuant to 28 U.S.C.§2255, or any other statute or rule authorizing the court to adjudicate the motion on the merits.

    Petitioner is presently serving his sentence at the Federal Medical Center in Ayer, Massachusetts, and he now moves this Court for the issuance of an extraordinary writ of coram nobis, or audita querela. In the alternative, he seeks the issuance of a writ of habeas corpus, on the ground that he is "actually innocent" of the habitual offender enhancement applied to him in the present case. For all of the reasons that follow, the Court should proceed to the merits of this application, and grant same, in the interest of justice, and to prevent a complete miscarriage thereof.

## II. JURISDICTION

    Petitioner invokes both the "All Writs Act" (28 U.S.C.§1651(a)), and the writ of "Habeas Corpus" (28 U.S.C.§2241(c)(3)) in this action. Ordinarily, inasmuch as petitioner is still "in custody", 28 U.S.C.§2255 would be both adequate and effective to remedy the harm to petitioner. However, petitioner's claim is not redressable under 28 U.S.C.§2255. That statute, in its present posture, is neither adequate nor effective to redress the claim advanced here, for the reasons that follow.

Hon A. David Mazzone, U.S.D.J.
May 14, 2004, Page Four.

First, Section 2255 only permits a sentenced prisoner to pursue relief under that statute if it is done within one year of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C.§2255(1) through (4).

In the present case, the state court vacated petitioner's conviction on October 12, 2001, even though a direct appeal from that judgment was pending at the time petitioner was sentenced in the present federal case. Therefore, the circumstances here does not fall within the §2255(1) because no action had been taken by the state court until more than six years after petitioner's judgment of conviction became final, the claim could not have been raised within one year after the judgment of conviction became final.

Section 2255(2) relates to governmental action in violation of the Constitution. No such action impeded petitioner's attempt to seek relief in this case, and §2255(2) therefore has no application here.

Section 2255(3) has no application in the case because the decision upon which the motion is based was not one rendered in the U.S. Supreme Court. Thus, that subsection does not allow for the presentation of the present claim.

Section 2255(4) tolls the time for presenting claims where the "facts" underlying the claim could not have been discovered within the period established by §2255(1). In the present case, the facts underlying the unconstitutional prior conviction were known at the time of sentencing in the present case, and the prior conviction was under direct appeal at that time. Nevertheless, since Section 2255(4) relates to "facts", and not judicial decisions, it has no application in the present case. Moreover, a defendant cannot challenge his federal sentence on the ground that a prior state sentence is unconstitutional, irrespective of whether a direct appeal is pending, until that prior conviction has been vacated. Thus, until such time as the conviction is vacated by the state court, he could not have properly raised, in federal court, the claim that the prior conviction was unconstitutional.

In light of the foregoing, a defendant in petitioner's shoes could not raise, even in a first petition, an argument that he was sentenced based upon an unconstitutional conviction that was later overturned, unless he is fortunate enough to have the state court decide his direct appeal prior one year after his federal judgment of conviction becomes final. Section 2255 would therefore place strict time limits on state courts. Congress could never have intended such an encroachment.

Clearly, 28 U.S.C.§2255 was neither adequate nor effective to remedy the error in the present case, even had petitioner brought the present claim in his first petition. In fact, had he done so, the Court would have summarily dismissed the claim in light of the then-standing state court judgment of conviction. However, with the state judgment of conviction having been vacated on October 12, 2001, the only statute's authorizing review is 28 U.S.C.§1651(a)("The All Writs Act"), and 28 U.S.C.§2241(c)(3), on the grounds that petitioner is "actually innocent" of the habitual offender enhancement he received.

Under the "All Writs Act", relief is generally granted where a petitioner is no longer in custody. However, neither 28 U.S.C.§1651(a), no the case law, expressly requires that the petitioner not be "in custody." see, e.g., United States v. Barrett, 178 F.3d 34, 56 (!st Cir. 1999)("It may be that there are situations in which §2255 is not 'controlling' despite the fact that the petition remains in custody--for instance, where §2255 is 'inadequate or ineffective.'") Indeed, where a petitioner could have raised his claim in a prior collateral attack under a different statute (i.e., 28 U.S.C.§2255), relief would not be appropriate under the "All Writs Act." see, e.g., Barrett, 178 F.3d at 56 n.20 ("Barett is unable to satisfactorily explain why he did not raise his Jencks Act claim in his first §2255 petition.").

In the present case, petitioner could not have raised his claim in his first §2255 petition. Thus, the "Alls Writs Act" affords him relief.

As this Court correctly observed in United States v. Khalaf, 116 F.Supp.2d 210, 216 (D.Mass.1999)(Mazzone,J.), "[t]he writ of coram nobis is an unusual legal vehicle that courts will use to set aside a criminal judgment only 'under circumstances compelling such action to achieve justice.'" Id., (citing United States v. Morgan, 346 U.S. 502, 511 (1954)). The Court also correctly observed that "those circumstances include (1) an explanation of why a coram nobis petitioner did not earlier seek relief from the judgment, (2) a showing that the petitioner continues to suffer significant collateral consequences from the judgment, and (3) a demonstration that an error of the most fundamental character....occurred." Id., (citing Hager v. United States, 993 F.2d 4 (1st Cir. 1993)).

As to the first requirement, petitioner submits that the judgment of conviction in the state case was vacated on October 12, 2001, and that he soon thereafter, on February 12, 2002, sought redress, albeit inartfully.

As to the second requirement, it is clear that petitioner continues to suffer collateral consequences, since he remains incarcerated as a result of the use of his prior unconstitutional, and now invalidated judgment of conviction. Were it not for the use of this prior conviction, petitioner would have long since been released from imprisonment.

As to the third requirement, this Court previously observed that the enhanced sentence only serves to continue the constitutional wrong. Domegan v. United States, 703 F.Supp. 166, 169 (D.Mass. 1989)(Mazzone, J.).

Hon. A. David Mazzone, U.S.D.J.
May 14, 2004, Page Eight.

For all of the reasons stated, the Court has the authority to consider the claim presented here under 28 U.S.C. §1651(a)(1), and issue either a writ of coram nobis or auqita querela. see, Khalaf, 116 F.Supp.2d at 217 (granting both writ of coram nobis and audita querela).

Alternatively, the Court could proceed to the merits of this motion under 28 U.S.C. §2241, on the premise that petitioner is "actually innocent" of the "Career Offender" habitual offender sentencing enhancement applied in this case. Many other circuits have applied that "actual innocence" classification to sentencing procedures, including the Career Offender enhancement. see, e.g., United States v. Maybeck, 23 F.3d 888, 892-894 (4th Cir. 1994)(finding defendant "actually innocent" of career offender enhancement, and granting relief under 28 U.S.C.§2255)(collecting cases).

In the present case, petitioner is clearly innocent of the career offender enhancement since his prior state conviction was vacated, and the prosecuting officials subsequently decided that there was "insufficient evidence".

Accordingly, the court should proceed to the merits of this petition, and thereafter grant the petition, in its entirety in order to avoid a complete miscarriage of justice.

### III. ARGUMENT

**PETITIONER'S CURRENT FEDERAL SENTENCE WAS RENDERED UNCONSTITUTIONAL IN LIGHT OF THE VACATUR OF A PRIOR STATE CONVICTION USED TO RENDER PETITIONER A "CAREER OFFENDER", AND AN EXTRAORDINARY WRIT SHOULD ISSUE TO PREVENT A TOTAL MISCARRIAGE OF JUSTICE**

As noted in the jurisdictional statement above, petitioner's prior state conviction, which was used to classify him a "career offender" in accordance with §4B1.1 and §4B1.2 U.S.S.G., was vacated and the indictment subsequently dismissed based on "insufficient evidence". see, Exhibits "A" and "B", annexed hereto. The Commonwealth of Massachusetts has declined to further prosecute. Id.

In Domegan v. United States, 703 F.Supp. 166 (D.Mass. 1989)(Mazzone, J.), this Court held, under similar circumstances that, "[w]hen defendant's prior state court convictions were vacated because he was permitted to withdraw guilty plea, sentence as armed career criminal could not stand, even though state intended to retry the defendant." 703 F.Supp. at 169 (emphasis ours). In the present case, the conviction was vacated, and the Commonwealth of Massachusetts clearly indicated that there would be no further prosecution. Thereafter, all charges were dismissed. see, Exhibit "C".

The defendant in Domegan was faced with a sentence enhancement under 18 U.S.C.§924(e). However, that fact is of no significant relevance, since the enhancement provision in the present case was designed to both deter and punish recidivist.

Hon. A. David Mazzone, U.S.D.J.
May 14, 2004, Page Ten.

As this Court so correctly observed in Domegan, "[w]hen the underlying convictions are constitutionally invalid, it is improper to let the enhanced sentence stand." 703 F.Supp. at 169 (Citing Baldasar v. Illinois, 446 U.S. 222, 228 (1980)). Further, "[u]nder those circumstances, the enhanced sentence only serves to continue the constitutional wrong [underlying the state conviction and sentence]." Id.;(citing Nurgett v. Texas, 389 U.S. 109, 115 (1967)).

Additionally, given petitioner's "actual innocence", see, e.g., Maybeck, 23 F.3d at 892-894, to decline to afford relief in this case would work a complete and total miscarriage of justice, further aggravating the fundamental errors resulting in the judgment.

Consequently, the court should vacate petitioner's judgment and remand this matter for further proceedings, consistent with the provision of the U.S. Constitution and the holdings of this Court in Domegan, supra.

## IV. CONCLUSION

Petitioner having demonstrated that: (1) a error of the most fundamental character occurred; (2) he continues to suffer therefrom; and (3) this application is timely, and order granting this petitioner should issue forthwith, in the interest of justice.

WHEREFORE, PREMISES CONSIDERED, petitioner prays that the Court will grant this petition, in its entirety.

Hon. A. David Mazzone, U.S.D.J.
May 14, 2004, Page Eleven.

Dated: Ayer, Massachusetts
       May 14, 2004.

                                    Respectfully submitted,

                                    *[signature]*
                                    Franklin M. Goldman, pro se
                                    Register No. 19124-038
                                    Federal Medical Center
                                    P.O. Box 879
                                    Ayer, Massachusetts 01432

## CERTIFICATE OF SERVICE

This shall certify that a true and correct copy of the foregoing has been furnished upon the Office of the U.S. Attorney for the District of Massachusetts at One Courthouse Way, Boston, Massachusetts 02210, Suite 9200 (Attn: Dickens Mathieu, AUSA), on this 14th day of May, 2004, by my having placed same in the United States Mail, postage prepaid.

                                    *[signature]*
                                    Franklin M. Goldman