IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Franklin M. Goldman, §
       (Petitioner)   §
                      §
     v.               §     Civil Action: 04-CV-10998-ADM
                      §     Crim. Action: 92-10229-ADM
David L. Winn, Warden, §
United States of America, §
       (Respondents)  §

---

**MOTION TO FURTHER AMEND PLEADINGS PURSUANT TO
F.R.CV.P. 15 (a)**

---

**COMES NOW**, Petitioner Franklin M. Goldman, <u>pro se</u> pursuant to Federal Rule of Civil Procedure 15 (a) who respectfully moves to amend his Petition presently before this Honorable Court. In support herein, petitioner avers as follows:

1. As of the date of this amendment, Respondent has yet to answer the pleadings before the Court.

2. Petitioner has learned of an additional claim that will have prospective impact as to the determinations the court will render in addressing the Petition.

3. It is clearly apparent that Goldman's Judgment is unconstitutional and was fostered through plain error.

1.

4.  Respondent will not be prejudiced by this amendment.

I.                          **INTRODUCTION**

5.  Petitioner hereby amends his Petition and Memorandum In Support of his request for Writ. This amendment incorporates by reference all the facts and arguments in petitioner's <u>pro se</u> Petition. In addition, petitioner now argues that his Judgment is further in violation of federal law as he was erroneously sentenced to an illegal and unauthorized term of supervised release that effectively invalidates his entire judgment.

II.                    **ARGUMENT AND AUTHORITIES**

a.  **Goldman's Supervised Release Period Is Illegal:**

6.  On April 27, 1993 this court sentenced the petitioner as follows:

**Count One and Six**: Three Hundred Sixty months on each of counts one and six to be served concurrently with each other. (See <u>Exhibit-A</u>);

**Supervised Release**: Ninety-six months on each of counts one and six, to be served concurrently with each other subject to the standard conditions of supervised release... (<u>Exhibit</u>-A).

7.  Prior to, and at sentencing, the government presented two (2) statutory positions with respect to the sentencing of the petitioner.

1.) the application of the minimum-mandatory sentence of twenty years as provided for by **21 USC § 841 (b)(1)(A)**, and 2.) the application of a sentencing range of 360 months to life as computed in accordance with **§ 4B1.1** of the **Federal Sentencing Guidelines**, (hereinafter: U.S.S.G.). (See Exhibit-B).

8.   In their zeal to incapacitate petitioner for as long a period as allowable under the law, the government elected to "...<u>rely upon §4B1.1 of the Federal Sentencing Guidelines and argue that Goldman's sentencing range should be 360 months to life</u>" Exhibit-B at 2, See also: (Letter dated November 19, 1992 to Richard M. Egbert, Esq. from AUSA Geoffrey E. Hobart)(emphasis added). Being successful in their argument, petitioner was found to be a §4B1.1 "Career Offender" by Judge Mazzone which is authorized under the Guidelines within the meaning of **28 USC § 994**. Of the two (2) penalty statutes applicable to Goldman, Judge Mazzone (at the urging of the government) agreed with the sentencing provision pursuant to the U.S.S.G.'s and therefore <u>rejecting</u> the "enhanced penalty" under **21 USC § 841 (b)(1)(A)(ii)** by ruling that the lesser choice under §841 "does not apply." (Exhibit C, ¶3). Goldman received the more serious penalty under the general guideline provision of 360 months imprisoment. The court then illegally bifurcated it's judgment to then also apply the more serious supervised release penalties from the provision earlier rejected under § 841 of Title 21. This selective manipulation of penalties from incompatibly distinct statutory provisions constituted plain error and petitioner's sentence is illegal.

b.  **The Court Erred When Determining Goldman's Supervised Release Term From A Penalty Statute Other Than The One The Court Adopted:**

9. Petitioner could only receive a supervised release term pursuant to the statute the court elected to apply under the general guideline provision §4B1.1. in other words, although Goldman was technically convicted for violation of 21 USC §841 (a), the government argued for and received the more severe penalties under §4B1.1. The record plainly establishes that the district court rejected the penalty options under 21 USC § 841 (b)(1)(A) in favor of those under the Guidelines. In so electing the more severe detentive options, the court was restricted to the supervised release terms under **18 USC § 3583 (b)** which carries a statutory <u>maximum</u> for, as here, Class-A felonies of Sixty (60) months.

10. The First Circuit has addressed recently when and under what circumstances supervised release terms are applicable for drug offenders. The Court has stated that "21 USC § 841 (b)(1)(A), rather than 18 USC § 3583(b) determines the limits of the supervised release terms a district court may impose upon drug offender's <u>sentenced thereunder</u>." (emphasis added), see e.g. <u>United States v. Cortes-Claudio</u>, No. 01-2113 (Dec. 2, 2002)(1st Cir.).

11. Goldman argues two (2) principles in law that were expressly addressed by the Court of Appeals in <u>Cortes-Claudio</u>.

    1.) Goldman could not have received the 96 month term

4.

of supervised release because he was <u>not</u> "sentenced thereunder" § 841 (b)(1)(A); and

2.) Goldman's otherwise impermissible 96 month term of supervised release under § 4B1.1 of the Guidelines is governed by § 3583 (b), and such a term would constitute an "upward departure requiring the Court to give prior notice of it's intentions to depart, and state on the record the aggravating circumstances that would have warranted such a departure.",

<u>Cortes-Claudio</u>, citing **<u>United States v. Burns</u>**, 501 U.S. 129, 135 (1990).

12. Whether inadvertent or otherwise, the government achieved it's goal in getting the more severe incarcerative term, and then simply sat back and elected not to correct the court when the supervised release error was committed. As the panel of the First Circuit stated in <u>Cortes-Claudio</u>:

> "The issue presented is whether § 841 (b), which contains sentences applicable to specific drug offense's .... <u>under which Cortes-Claudio was sentenced</u>, takes precedent over the more general § 3583 (b) .... <u>Id</u>.,

The language "<u>under which Cortes-Claudio was sentenced</u>" is the proverbial <u>linch-pin</u> the expressly implies that only those sentenced <u>under</u> § 841 (b)(1)(A) may receive the enhanced supervised release terms, and then <u>only</u> after certain procedural due process mechanisms, i.e. 'notice', all od which were neglected in this case as those mechanics apply to supervised release.

13. It may be, as the <u>Cortes</u> opined, that § 3583 (b) "yields" to other more specific statutes, such as § 841, but that can only be

5.

true in law if the petitioner <u>was sentenced under</u> § 841 (b)(1)(A), a provision that the sentencing court expressly rejected in favor of the more severe guideline sentences. (Exhibit-C).

Unlike the defendant in <u>Cortes-Claudio</u>, Goldman cannot be sentenced under the supervised release terms of § 841 (b)(1)(A) because that was not the statutory provision he was sentenced under. Goldman's sentence must be vacated.

c.   **The Guidelines and Supervised Release:**

14. A district court is required by statute to sentence within the guideline range absent aggravating or mitigating circumstances. Because Goldman was determined by the district court to be sentenced under the guidelines, he was subject to a **maximum** five-year supervised release term. §5D1.2 (a)(1); <u>see also</u> **United States v. Sasson**, 62 F.3d 874 (7th Cir.1995) cited with approval by the First Circuit, <u>supra</u>. Because Mr. Goldman's offense was a Class-A felony, <u>and</u>, because he was sentenced not pursuant to § 841, but rather the guideline provision under §4B1.1, he was subject to only the sixty (60) month supervised release term under §3583 (b). Thus, the district court committed plain-error when sentencing petitioner 1.) under the incorrect statutory provision, and 2.) upward departing to 96 months absent advance notice to the parties, <u>Burns</u>, <u>supra</u> 501 U.S. at 138-39, and failing to explain the departure. **18 USC §3553 (b)**; §5K2 U.S.S.G.

d.   **Remedy Is Required:**

6.

15. Generally, when a party fails to contemporaneously object to an error in sentencing a reviewing court will consider only for plain error. **United States v. Albanese**, 287 F.3d (1st Cir.2002). The First Circuit, however, has recognized in the context of sentencing, that a post-sentence objection is not necessarily required to preserve the issue. See: **United States v. Sofsky**, 287 F.3d 122, 125 (2d Cir.2002)(concluding that in the sentencing context there are circumstances that permit a court to relax the otherwise rigorous standards of plain error review to correct sentencing errors).

It cannot be said that petitioner has waived this claim as it was the government who advocated for the higher guideline sentence, the court who accepted the government's argument, (albiet inadvertently) and defense counsel who failed miserably in his preparation. Only recently, it was a fellow inmate para-legal who discovered the procedural lapse and suggested that petitioner amend the pleadings presently before the court to add this procedural error. "Given the facts here, we think it simply would be unfair and unwise as a matter of policy" to hold that Goldman waived this claim. Accord **United States v. Mora**, 22 F.3d 409 (2d Cir.1994); **United States v. harotunian**, 920 F.2d 1040 (1st Cir. 1990); **United States v. Mangone**, 105 F.3d 29, 35 (1st Cir.1997)(lack of Burns notice constituted palin error); **United States v. Carmichael**, 216 F.3d 224 (2d Cir. 2000)(finding plain error when supervised release term exceeded term allowed by guidelines); **United States v. Valentine**, 21 F.3d 395 (11th Cir. 1994)(lack of Burns notice was plain error). Resentencing of Goldman is Constitutionally mandated.

## CONCLUSION

16. In sum, this court retains ample jurisdiction as outlined in Goldman's original pleading to address these fundamental principles in criminal law. See e.g. **Oses v. Massachusetts**, 961 F.2d 985 (1st Cir.1992)(affirming a grant of habeas corpus relief 14 years after conviction.) Habeas corpus' relationship to due process runs deep within our jurisprudence. Most constitutional violations, including due process, are cognizable under habeas corpus. **Fay v. Noia**, 372 U.S. 391 (1963); **Coleman v. Thompson**, 501 U.S. 722 (1991) (vindication of due process is precisely the historic office of habeas corpus." at 402). This court must now **Vacate** and **Resentence** petitioner Goldman pursuant to the teachings of the First Circuit in Cortes-Claudio, and the Supreme Court in Burns, supra.

**WHEREFORE**, Petitioner Franklin M. Goldman prays for the allowance of this Motion To Further Amend and the Granting of his request for Writ and any and all equitable relief this Honorable Court deems appropriate.

Submitted This ___ Day of August, 2004:

Respectfully submitted,

*[signature: Franklin M. Goldman]*
Franklin M. Goldman, pro se
Federal Medical Center
P.O. Box 879/J-A
Ayer, MA  01432
Inmate #19124-038

# PROOF OF SERVICE

I, <u>Franklin M. Goldman</u>, certify that on <u>August 29</u>, 200<u>4</u> I mailed a copy of this document and all attachments via First Class mail to the following parties **at the addresses listed below:**

```
Office of the United States Attorney
United States District Court
Moakley Courthouse
1 Courthouse Way
Boston, MA  02210
```

## PROOF OF SERVICE FOR INCARCERATED LITIGANTS

In addition to the above Proof of service, all litigants who are currently incarcerated should include the following statement with all documents to be filed with the court:

I certify that this document was given to officials[1] on this date for forwarding to the United States District Court for the District of <u>Massachusetts</u>. I further certify under penalty of perjury that the forgoing is true and correct. **Title 28 U.S.C. § 1746.**

Respectfully submitted this <u>29</u> day of <u>August</u>, 200<u>4</u>.

_____
Name: <u>Franklin M. Goldman</u>
Number: <u>19124-038</u>
FMC Devens, Unit <u>J-A</u>
P.O. Box 879
Ayer, Massachusetts 01432

---

[1] Pleadings by prisoners who represent themselves are to be considered filed at the moment such pleadings are delivered to prison authorities for forwarding to clerk. **Houston v Lack.** 487 U.S. 266 (1988).

9.