UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEVIN BARRY,                )
        Petitioner          )
     v.                     )          No.  03-10686-RGS
                            )
EDWARD FICCO,               )
        Respondent          )

PETITIONER'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITION FOR WRIT OF HABEAS CORPUS

In accordance with Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, Kevin Barry states his objections to the magistrate judge's report and recommendation as follows:

1. *Barry objects to the magistrate judge's proposed finding that a motion to suppress the evidence in question would not have been viable. M.J. at 19-23.[1]*

The magistrate judge's report analyzes the issue of the legality of the seizure of Barry's boots in light of case law that deals with searches incident to arrest and inventory searches. However, for the reasons stated in Barry's memorandum in support of his petition, the seizure of the boots, long after Barry's arrest, does not fall within the search incident to arrest exception to the

---

[1] The magistrate judge's report will be cited as M.J. ___.

warrant requirement. Petitioner's Memorandum at 19-22. In addition, there is no support for the proposition that the boots were seized during a lawful inventory of Barry's property, and, if they had been, the government's close examination of the boots in order to derive evidentiary value from them would nevertheless have been unlawful. See *id.* at 17-18.

2.  *Barry objects to the magistrate judge's proposed finding that his ineffectiveness claim relating to the seizure of the boots was procedurally defaulted by his failure to raise the claim in his direct appeal. M.J. at 23-26.*

The magistrate judge found that, because Barry's claim that failure to move to suppress the boots constituted ineffectiveness was sufficiently developed in the record to allow him to raise the claim in his direct appeal, his failure to raise it at that time constitutes waiver. However, other findings in the report illustrate why this is not so, and why an evidentiary hearing, which Barry was denied, was required to support the claim. Specifically, as stated, the magistrate judge analyzed the seizure of Barry's boots in light of case law that deals with searches incident to arrest and inventory searches. An evidentiary hearing was needed to establish that the boots were seized in the manner Barry described in his affidavit, long after his arrest, and were not seized pursuant to a routine

inventory or other administrative procedure. The Supreme Court has noted the importance of allowing a defendant to bring a claim of ineffectiveness of counsel in collateral proceedings rather than on direct appeal because, since such a claim usually requires that the record be supplemented, the collateral attack is frequently a defendant's only means of vindicating his constitutional right to effective assistance of counsel. *United States* v. *Massaro*, 538 U.S. 500, 502-508 (2003).

*3. Barry objects to the magistrate judge's proposed finding that his ineffectiveness claim relating to the seizure of the boots was procedurally defaulted by his failure to raise the claim in his pro se motion for a new trial. M.J. at 26.*

In regard to his failure to raise in the pro se rule 30 motion the issues later raised through counsel in the motion for reconsideration, the defendant recognizes that the courts generally hold pro se litigants to the same standards as practicing members of the bar. However, the Massachusetts Appeals Court has expressed lenity toward at least one pro se litigant who, like the defendant in the present case, was laboring from prison to rectify missteps by his trial and appellate counsel. In *Commonwealth* v. *Matthews*, 45 Mass. App. Ct. 444, 699 N.E.2d 347 (1998), the pro se defendant argued that the court should consider arguments raised in his third motion for a new trial not to

have been waived by his failure to include them in his second pro se motion because his access to legal materials in prison was limited. The Court accepted this representation and treated the defendant's arguments as though they had been raised in his first new trial motion. *Id.* at 445 n.2. The petitioner in the present case is similarly situated. He is serving a ten to fifteen year sentence as a result of his convictions (A. I/6, 21, 45). In addition, with his pro se motion for a new trial the defendant filed a motion for the appointment of counsel with an an "Affidavit of Poverty" stating that he needed counsel in order to present his claims, because his prior counsel was ineffective and because he is "unlearned in the law." The defendant also filed a motion for leave to amend his rule 30 motion in the event that he succeeded in obtaining counsel. Under these circumstances, where the defendant was laboring from prison without counsel in an attempt to obtain relief based on the ineffectiveness of his counsel at both the trial and appellate levels, the Massachusetts court could have allowed Barry some leeway, consistently with its decision in *Matthews*. See *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (to constitute a bar to federal habeas review, the state procedural rule must be

"'firmly established and regularly followed' at the time it was applied").

4.  *Barry objects to the magistrate judge's proposed findings that there is no cause for or prejudice from default of the suppression issue. M.J. 27-28.*

As the magistrate judge acknowledges, ineffectiveness of counsel in failing to raise a claim can constitute sufficient cause for procedural default. For the reasons already stated, the claim was raised at the first real opportunity available to Barry in the particular circumstance of this case.

Although the magistrate judge characterized the question as "a very close one," she concluded that Barry was not prejudiced by the admission of the boots because the evidence was sufficient to convict him even if the boots had been excluded. However, the chronology of the case reveals that Barry was not even charged until after his boots were seized by police. Since it appears that Barry would not even have been prosecuted absent the unlawful seizure of the boots, it cannot be fairly said that he was not prejudiced.[2]

5.  *Barry objects to the magistrate judge's proposed findings that his claim of ineffectiveness based on trial counsel's failure to object to hearsay evidence was defaulted, that there was no cause and prejudice from the*

---

[2] The boots were seized in June of 1995. Barry was indicted in January of 1997.

*default, and that Barry was not prejudiced by the lack of an objection.* M.J. at 32-33.

The magistrate judge's rulings regarding Barry's default of his second claim essentially track her rulings on the first claim, and Barry objects on the same bases set forth above.

In addition, Barry objects to the finding that an objection to the hearsay testimony would have been a waste of time. A timely objection would have forced the prosecution to reveal the manner in which the boots were seized, and would have brought the issue to the fore at the time of trial. Instead, as Barry has repeatedly complained, due to trial counsel's inattentiveness[3] the prosecutor was able to gloss over the illegal actions of police in seizing the boots without a warrant.

        Respectfully submitted,

        KEVIN BARRY

        By his attorney,

        */s/ Leslie W. O'Brien*
        Leslie W. O'Brien
        P.O. Box 426
        Winchester, MA 01890
        (781) 756-0111

---

[3] The magistrate judge rejected the government's argument that the failure to move to suppress the boots was strategic, and acknowledged the damaging nature of the boot evidence. M.J. 31-32.

## CERTIFICATE OF SERVICE

I, Leslie W. O'Brien hereby certify that I have served Eva M. Badway, Assistant Attorney General, with a copy of the foregoing Petitioner's Objections to Magistrate Judge's Report and Recommendation Petition for Writ of Habeas Corpus this 29th day of August, 2005, by first class mail.

_____
Leslie W. O'Brien

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (BOSTON)
CASE #: 1:04 - cv - 10998 - RGS

Franklin M. Goldman
    (Petitioner)

v.

United States of America
    (Respondent)

---

PRO SE MOTION

FOR RELIEF UNDER TITLE 18 USC § 2248

---

### HISTORY

1. On 5/18/04, the Petitioner filed a motion pursuant to 28 USC § 1651 and 28 USC § 2241.

2. On 11/08/04, the case was assigned to Judge Richard G. Stearns.

---

### COMPLAINT

3. The Respondent has never submitted a formal denial of the factual allegations made in the Petitioner's motion.

4. That the Judge has never made a finding that the factual allegations presented by the Petitioner in the motion are not true as set out in Title 18 USC § 2248.

---

### SUMMARY

5. That the failure of the REspondent to submit a formal denial of the factual allegations made in the Petitioner's motion and the fact that the Judge has not made a finding that the allegations set forth in the Petitioner's motion are not true, under Title 18 USC § 2248, the Respondent is in default.

## REMEDY

7. The Petitioner submits that the only remedy to the motions that he has filed is a "NEW SENTENCE HEARING".

---

## RELIEF

8. That the Court grant the Petitioner a new sentencing hearing.


Respectfully Submitted on this the 1st day of September, 2005,



*[signature: Franklin M. Goldman]*
Franklin M. Goldman, Petitioner

I, Franklin M. Goldman, certify that on August 30, 2005 I mailed a copy of this document and all attachments via First Class Mail to the following parties at the addresses listed below:

Office of the Clerk of Court
United States District Court
1 Courthouse Way
Moakley Courthouse
Boston, MA  02210

Office of the United States Attorney
United States District Court
1 Courthouse Way
Moakley Courthouse
Boston, MA  02210

Judge Richard G. Stearns
United States District Court
1 Courthouse Way
Moakley Courthouse
Boston, MA  02210

David L. Winn, Warden
FMC Devens
P.O. Box 880
Ayer, MA  01432

I further certify that this document was given to officials on this date for forwarding to the United States District Court for the District of Massachusetts (Boston). I further certify under penalty of perjury that the forgoing is true and correct. **Title 28 USC § 1746.**

Respectfully submitted this 30th day of August, 2005.

*Franklin M. Goldman*
_____
Franklin M. Goldman, Petitioner
09124-038
FMC - Devens Unit J-A
P.O. Box 879
Ayer, MA  01432

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (BOSTON)
CASE #: 1:04 - cv - 10998 - RGS

Franklin M. Goldman
    (Petitioner)

v.

United States of America
    (Respondent)

## PRO SE MOTION
## FOR RELIEF UNDER TITLE 18 USC § 2248

### HISTORY

1. On 5/18/04, the Petitioner filed a motion pursuant to 28 USC § 1651 and 28 USC § 2241.

2. On 11/08/04, the case was assigned to Judge Richard G. Stearns.

### COMPLAINT

3. The Respondent has never submitted a formal denial of the factual allegations made in the Petitioner's motion.

4. That the Judge has never made a finding that the factual allegations presented by the Petitioner in the motion are not true as set out in Title 18 USC § 2248.

### SUMMARY

5. That the failure of the REspondent to submit a formal denial of the factual allegations made in the Petitioner's motion and the fact that the Judge has not made a finding that the allegations set forth in the Petitioner's motion are not true, under Title 18 USC § 2248, the Respondent is in default.

## REMEDY

7.  The Petitioner submits that the only remedy to the motions that he has filed is a "NEW SENTENCE HEARING".

---

## RELIEF

8.  That the Court grant the Petitioner a new sentencing hearing.


Respectfully Submitted on this the 1st day of September, 2005,



Franklin M. Goldman
Franklin M. Goldman, Petitioner

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (BOSTON)
CASE #: 1:04 - cv - 10998 - RGS

Franklin M. Goldman
    (Petitioner)

v.

United States of America
    (Respondent)

## PRO SE MOTION
## FOR RELIEF UNDER TITLE 18 USC § 2248

### HISTORY

1. On 5/18/04, the Petitioner filed a motion pursuant to 28 USC § 1651 and 28 USC § 2241.

2. On 11/08/04, the case was assigned to Judge Richard G. Stearns.

### COMPLAINT

3. The Respondent has never submitted a formal denial of the factual allegations made in the Petitioner's motion.

4. That the Judge has never made a finding that the factual allegations presented by the Petitioner in the motion are not true as set out in Title 18 USC § 2248.

### SUMMARY

5. That the failure of the REspondent to submit a formal denial of the factual allegations made in the Petitioner's motion and the fact that the Judge has not made a finding that the allegations set forth in the Petitioner's motion are not true, under Title 18 USC § 2248, the Respondent is in default.

## REMEDY

7.  The Petitioner submits that the only remedy to the motions that he has filed is a "NEW SENTENCE HEARING".

---

## RELIEF

8.  That the Court grant the Petitioner a new sentencing hearing.


Respectfully Submitted on this the 1st day of September, 2005,


*Franklin M. Goldman*
Franklin M. Goldman, Petitioner

I, Franklin M. Goldman, certify that on August 30, 2005 I mailed a copy of this document and all attachments via First Class Mail to the following parties at the addresses listed below:

Office of the Clerk of Court
United States District Court
1 Courthouse Way
Moakley Courthouse
Boston, MA  02210

Office of the United States Attorney
United States District Court
1 Courthouse Way
Moakley Courthouse
Boston, MA  02210

Judge Richard G. Stearns
United States District Court
1 Courthouse Way
Moakley Courthouse
Boston, MA  02210

David L. Winn, Warden
FMC Devens
P.O. Box 880
Ayer, MA  01432

I further certify that this document was given to officials on this date for forwarding to the United States District Court for the District of Massachusetts (Boston). I further certify under penalty of perjury that the forgoing is true and correct. **Title 28 USC § 1746.**

Respectfully submitted this 30th day of August, 2005.

*Franklin M. Goldman*
Franklin M. Goldman, Petitioner
09124-038
FMC - Devens Unit J-A
P.O. Box 879
Ayer, MA  01432