IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **FRANK M. GOLDMAN** ) | |
| ) | |
| v. ) | |
| ) | No. 04-10098-RGS |
| **UNITED STATES** ) | |
|     **Defendant** ) | |

**GOVERNMENT'S MOTION TO DISMISS PETITIONER'S DUPLICATIVE
CLAIM, FILED UNDER SECTION 2241, AND CLAIMING RELIEF UNDER THE
<u>ALL-WRITS ACT</u>**

The United States of America, by and through its attorneys Michael J. Sullivan, United States Attorney, and Rachel E. Hershfang, Assistant United States Attorney, hereby responds to this Court's Order dated September 2, 2005, seeking a response to the petition filed by Franklin Goldman in the above-captioned matter.

Goldman's "§2241 petition" is a second or subsequent §2255 petition in disguise, as a review of his pleading makes clear. Because, as Goldman concedes, he has exhausted his remedies under §2255, and has failed to persuade the Court of Appeals that he should be afforded the opportunity to file a second or subsequent such pleading, he has turned to §2241. Indeed, he has turned to that section both here and in a parallel proceeding, fully briefed and pending before the Hon. Mark L. Wolf, docket no. 04-CV-12712-MLW.

The gatekeeping requirements of §2255 bar Goldman's

petition. Its duplicative nature bars it as well. The case pending before Judge Wolf raises the same factual argument (that the vacatur of a 1977 conviction, in 2002, renders Goldman's career offender status void and requires his resentencing).[1] In that case, the government has argued that the petition should be dismissed as an impermissible second or subsequent petition. See Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997) (dismissal by district court allowed where petitioner files second or successive §2255 petition without prior circuit court

---

[1] In the case before Judge Wolf, Goldman is represented by counsel. The pleading filed in that case does not raise a claim that Goldman seeks to raise here: that the ancient writ of coram nobis affords Goldman the relief he seeks. He is wrong. Coram nobis applies -- if at all -- only to defendants who are no longer in custody. See United States v. Morgan, 346 U.S. 502 (1954) (All Writs Act authorizes federal courts to issue coram nobis relief to a prisoner who is no longer in custody); United States v. Sawyer, 239 F.3d 31, 37 (1st Cir. 2001) ("Unlike a writ of habeas corpus, a writ of coram nobis is issued once the petitioner is no longer in custody."). Furthermore, the nature of Goldman's claim -- a §2255 petition -- renders coram nobis unavailable. See, e.g.,United States v. Barrett, 178 F.3d 34, 55 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000) ("The writ of coram nobis may not be used to circumvent the clear congressional directive embodied in the 'second or successive' provisions of §2255, which are themselves a sort of 'timeliness' requirement") (citation omitted). Goldman also attempts to invoke audita querela, but makes no argument as to why. Like coram nobis, audita querela is likely a dead letter after the AEDPA. Six circuits, including the First, have expressed skepticism that audita querela has any continued vitality. See United States v. Holder, 936 F.2d 1 (1st Cir. 1991). Even if audita querela survived, it would afford Goldman no relief; "writs of coram nobis and audita querela are not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255 or, by analogy, a petition for habeas corpus under 28 U.S.C. §§ 2241 or 2254." Tavares v. Massachusetts, 59 F. Supp.2d 152, 155 (D. Mass. 1999).

approval); see also, United States v. Barrett, 178 F.3d 34 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000)(petitioner's second claim for postconviction relief viewed as "second or successive" claim under AEDPA, despite its label as claim under 28 U.S.C. §2241 or 28 U.S.C. §1651; as petitioner fails to meet AEDPA's gatekeeping requirements, claim is denied).  That argument is even stronger here, where Goldman has raised claims that were raised and are pending in a concurrent petition; as the First Circuit has recognized, "[A]s a general matter, if a petition falls under the modified res judicata rule known as the abuse of the writ doctrine -- because, for example, it raises a claim that could have been properly raised and decided in a previous §2255 petition -- it also falls within the definition of 'second or successive.'" Barrett, 178 F.3d at 45; see also, McCleskey v. Zant,  499 U.S. 467 (1991) (under pre-AEDPA habeas corpus jurisprudence, petitioner said to "abuse the writ" by, inter alia, filing a successive habeas petition that raised, for the first time, claims that were available when earlier habeas petition was filed).

    The government respectfully requests that the Court dismiss Goldman's petition, in favor of the fully-briefed petition pending before Judge Wolf.  In the alternative, the government asks that this matter by stayed pending decision in the other case, at which time it may be dismissed or revived, either in

whole or in part, as the Court sees fit.

## IV. Conclusion

For the reasons set forth above, the government respectfully requests that this Court dismiss the defendant's motion.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

By: /s/ Rachel E. Hershfang
    RACHEL E. HERSHFANG
    Assistant U.S. Attorney

Dated: September 23, 2005

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

    Franklin M. Goldman
    Federal Medical Center
    P.O. Box 879/J-A
    Ayer, MA 01432
    Inmate No. 1914-038

This 23rd day of September, 2005.

    /s/ Rachel E. Hershfang
    RACHEL E. HERSHFANG
    ASSISTANT UNITED STATES ATTORNEY