UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON
CASE NO: 1:04 - CV - 10998 - RGS

Franklin M. Goldman
(Petitioner)

v.

United States of America
(Respondent)

---

THE PETITIONER'S PRO SE REPLY
TO THE GOVERNMENT'S MOTION TO DISMISS
THE RULE 2241 AND 1651 MOTIONS

---

PRO SE SUBMISSION

1. The Petitioner submits this reply "PRO SE" and states tha he is not a lawyer and that he has no legal background. The Petitioner relies on the fairness of the Court and the latitude granted to PR SE submissions under the decision of "HAINES V. KERNER (401 US 519 1972)" and in the Court's interest in protecting the fundamental fairness, integrity and public reputation of the judical process.

PETITIONER'S REPLY

2. The original Petition for Writ of Habeas Corpus was filed on 5/18/2004. At no time since that filing, has the government fi ed a motion for an extension of time to respond to the original motio .

3. A motion to amend the original filing was filed on 8/31/20 4. The motion was granted by the Court on 6/03/2005. At no time sinc the motion to ammend was filed or since the Court granted the moti n has the government filed for an extension of time.

4. The government is in error when it claims that the 2241 petition filed by the Petitioner is a §2255 in disguise. It is clear to the Petitioner that a §2255 motion is to attack a sentence imposed under a federal judgement. It is also clear that a §2241 motion is to correct an oversight or error under the Judgement and Commitment segments contained within the sentence.

5. On 12/27/2004 Attorney Robert M. Goldstein filed a §2241 Petition for a writ of Habeas Corpus. The motion was assigned to Judge Wolf. Contained in the motion was a reference to the Petitioner's motion filed on 5/18/2004.

6. On 2/09/2005 the government filed a motion for an extension of time and on 2/17/2005 Judge Wolf granted that motion.

7. At no time since the filing date of 12/27/2004 did the government file an objection to the Petitioner's motion of 5/18/2004.

CONCLUSIONS

8. That the government has failed to meet the time frame allocated for a response to the Petitioner's motion of 5/18/2004.

9. That the Petitioner's Motion of 5/18/2004 deals with an issue that is not addressed in Attorney Goldstein's motion.

10. That the Petitioner's §2241 motion is in compliance with the filing requirements and that it does not attack the sentence but only seeks to correct an error in the Judgement and Committment segment of the sentence, therefore it is not a §2255 filing in disguise as represented by the government.

11. That the §2248 motion filed by the Petitioner and docketed on 9/01/2005 is appropriate and timely and should be granted by the Court.

RELIEF

12. That the Court grant the Petitioner's §2248 motion and order a new sentencing hearing on the merits of the §2241 at the earliest possible date in the interest of Justice.

13. That the court maintain that the petitioner's filing of a §2241 motion is separate from the filing of Attorney Goldstein in Judge Wolf's Court and that it will be heard independant of that motion.

REspectfully Submitted on this the 27 day of ~~October~~ SEPTEMBER 2005

Franklin M. Goldman

Franklin M. Goldman, Petitioner, Pro Se

I, Franklin M. goldman, do certify that on this the 27 day of September 2005, I mailed a copy of the attached document via First Class mail to the below listed individuals at the addresses listed below.

Office of the Clerk of Court
United States District court
1 Courthouse Way
Moakley Courthouse
Boston, MA 02210

Office of the United States Attorney
United States District Court
1 Courthouse Way
Moakley Courthouse
Boston, MS 02210

Judge Richard G. Stearns
United States District Court
1 Courthouse Way
Moakley Courthouse
Boston MA 02210

David L. Winn, Warden
FMC Devens
P.O. BOX 880
Ayer, MA 02210

I further certify under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted this 27 day of September 2005

Franklin M. Goldman

Franklin M. Goldman, Pro Se